UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID W. NAIL,

       Plaintiff,                                  Hon. Janet T. Neff

v.                                                           Case No. 1:10 CV 431

PAMELA L. OLMSTEAD, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

        Plaintiff initiated the present action against Pamela Olmstead and numerous other individuals. (Dkt. #1). The Honorable Janet T. Neff referred the matter to this Court for "handling of all matters under [28 U.S.C.] § 636(a) and 636(b)(1)(A) and for submission of recommendations on dispositive motions under § 636(b)(1)(B)." (Dkt. #5). The Court has granted Plaintiff's motion to proceed as a pauper in this matter. (Dkt. #4). Having granted Plaintiff's motion to proceed as a pauper, the Court has conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, the Court recommends that Plaintiff's complaint be dismissed.

        In his largely unintelligible complaint, Plaintiff requests that this Court overturn the results of various matters pursued in the Michigan and Indiana state courts. Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction. A significant limitation upon the jurisdiction of the federal district courts is that such courts are precluded from reviewing judgments of the state courts. As the Supreme Court has long recognized, the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can

"entertain a proceeding to reverse or modify" a judgment entered by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Moreover, to the extent that Plaintiff is attempting to assert a claim over which this Court may properly assert jurisdiction, Plaintiff has failed to allege facts which state a claim on which relief may be granted. *See Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's action be **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 18, 2010         /s/ Ellen S. Carmody
                           ELLEN S. CARMODY
                           United States Magistrate Judge