UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID W. NAIL,

    Plaintiff,                                      Case No. 1:10-cv-431

v                                            HON. JANET T. NEFF

PAMELA L. OLMSTEAD, et al.,

    Defendants.
_____/


**OPINION AND ORDER**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. As Plaintiff is proceeding *in forma pauperis*, the matter was referred to the Magistrate Judge for an initial screening pursuant to 28 U.S.C. § 1915(e)(2) (Dkt 5). Upon review, the Magistrate Judge issued a Report and Recommendation (R & R) (Dkt 7), recommending that the complaint be dismissed for lack of jurisdiction or, in the alternative, failure to state a claim upon which relief may be granted. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkts 9-10). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Like his complaint, Plaintiff's seventeen pages of objections are largely unintelligible. Plaintiff essentially makes four arguments: (1) Plaintiff argues that, despite the Magistrate Judge's conclusion to the contrary, this Court has the power to modify the state court holdings from

Plaintiff's prior court proceedings (Dkt 9 at 7-10); (2) Plaintiff objects to the Magistrate Judge's alternative conclusion that he failed to state a claim upon which relief may be granted (*id.* at 1-7); (3) Plaintiff objects to the Magistrate Judge's refusal to serve his complaint upon Defendants (*id.* at 10-16); and (4) Plaintiff argues that even if the Magistrate Judge deemed that his complaint failed to state a claim under § 1915(e)(2), the Magistrate Judge still should have allowed him leave to amend it before dismissal (*id.* at 16-17).

The Court first turns to plaintiff's objection to the Magistrate Judge's jurisdictional conclusion. Plaintiff argues that under FED. R. CIV. P. 60(b), this Court can grant "relief of a judgment made by the Indiana and Michigan courts where the courts lacked any jurisdiction" (Dkt 9 at 9-10). Plaintiff's argument is without merit. Citing *Rooker v. Fidelity*, 263 U.S. 413, 415-416 (1923), the Magistrate Judge correctly determined that a federal district court does not have jurisdiction to modify a state court judgment (Dkt 7 at 1-2). Rather, under 28 U.S.C. § 1257, the United States Supreme Court is the only federal court that has the power to review the validity of state court proceedings. *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). Rule 60(b) does not alter this conclusion because a court rule cannot serve to expand the jurisdiction of a federal court beyond the scope of the court's subject-matter jurisdiction as set forth by Congress. *Willy v. Coastal Corp.*, 503 U.S. 131, 135 (1992). Therefore, the Magistrate Judge was correct in concluding that this Court lacks jurisdiction to grant the relief that Plaintiff seeks.

Plaintiff's other objections also lack merit. Despite Plaintiff's assertions to the contrary, the Magistrate Judge was correct in holding that to the extent this Court may have jurisdiction over Plaintiff's complaint, the complaint should still be dismissed for failure to state a valid cause of action (Dkt 7 at 2). Plaintiff's vague allegations of judicial misconduct do not amount to "factual

content that allows the [C]ourt to draw the reasonable inference that [D]efendant[s are] liable for the misconduct alleged." *See Ashcroft v. Iqbal*, ___ U.S. ___; 129 S.Ct. 1937, 1949 (2009). Furthermore, the Magistrate Judge did not err in making this determination before service of the complaint upon Defendants. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (requiring that the § 1915(e)(2) "screening must occur even before process is served or the individual has had an opportunity to amend the complaint"), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007). Nor was the Magistrate Judge in error for not allowing Plaintiff to amend his complaint after dismissal. *See Moniz v. Hines*, 92 F. App'x 208, 212 (6th Cir. 2004) (holding that "a district court may not permit a plaintiff to amend his complaint to defeat dismissal under 28 U.S.C. § 1915(e)(2)").

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Judgment would not be taken in good faith. *See McGore*, 114 F.3d at 610. Therefore:

**IT IS HEREBY ORDERED** that the Objections to the Report and Recommendation (Dkt 9) are DENIED, and the Report and Recommendation (Dkt 7) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Dated: July 1, 2010 	  /s/ Janet T. Neff
	JANET T. NEFF
	United States District Judge