UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID W. NAIL,

      Plaintiff,                                   Case No. 1:10-cv-431

v                                         HON. JANET T. NEFF

PAMELA L. OLMSTEAD et al.,

      Defendants.
_____/


**OPINION AND ORDER**

      Pending before the Court is Plaintiff's Motion for Relief from Judgment filed pursuant to Federal Rule of Civil Procedure 60(b) (Dkt 14). Defendants did not file a response. Having considered Plaintiff's motion, the Court concludes that it is properly denied.

      On May 4, 2010, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 (Dkt 1). The Court granted Plaintiff's Motion to Proceed *in forma pauperis* and referred the matter to the Magistrate Judge for an initial screening pursuant to 28 U.S.C. § 1915(e)(2) (Dkts 4-5). Upon review, the Magistrate Judge issued a Report and Recommendation, recommending that the complaint be dismissed for lack of jurisdiction, or, in the alternative, for failure to state a claim upon which relief may be granted (Dkt 7). Plaintiff filed objections to the Magistrate Judge's order on May 21, 2010 (Dkt 9). This Court denied Plaintiff's objections on July 1, 2010 (Dkt 11) and entered a Judgment in favor of Defendants (Dkt 12). Plaintiff now files this Motion for Relief from Judgment (Dkt 14).

Plaintiff asserts that his request is made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Dkt 14 at 1); however, Plaintiff does not identify which of the five enumerated reasons contained in Rule 60(b) would warrant relief from judgment in his case. *See* FED. R. CIV. P. 60(b)(1)-(5). Given that Plaintiff argues that this Court made substantive errors of law and fact in its Judgment, the Court will presume that Plaintiff seeks relief under subdivision (1). *See United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) ("This Court has stated that a Rule 60(b)(1) motion is intended to provide relief . . . when the judge has made a substantive mistake of law or fact in the final judgment or order.").

Plaintiff first argues that the Court erred in concluding that it did not have jurisdiction to hear Plaintiff's complaint (Dkt 14 at 1-4). Specifically, Plaintiff reiterates his argument that this Court has authority to review and vacate the orders of an Indiana state court, which Plaintiff claims were entered without subject matter jurisdiction (*id.* at 4). Plaintiff's argument is without merit. As this Court has already concluded, it does not have authority to review state court judgments. *See Rooker v. Fidelity*, 263 U.S. 413, 415-16 (1923); *see also* 28 U.S.C. § 1257. The fact that Plaintiff claims that a state court incorrectly applied a state statute does not change this analysis; this Court will not attempt to overrule a state court's interpretation of state law. *See BMW v. Gore*, 517 U.S. 559, 577 (1996) ("[O]nly state courts may authoritatively construe state statutes.").

Second, Plaintiff reiterates his argument that this Court erred in determining that his complaint fails to state a claim upon which relief may be granted (Dkt 14 at 4-8). Plaintiff essentially argues that to state a valid claim in this case, Rule 8(a)(2) of the Federal Rules of Civil Procedure does not require him to allege anything more than that he was prejudiced by a state-court judge's misinterpretation of a state jurisdictional statute (*id.* at 7). This argument is without merit.

The Court correctly determined that the complaint fails to state a facially valid claim as Plaintiff's allegations do not "raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff's third argument is his novel assertion that his complaint should not be dismissed because "the *Bivens* Remedy is available" to him (Dkt 14 at 8). This argument is also without merit. A *Bivens* action is a cause of action granting a potential for recovery to victims of the constitutional violations of federal agents. *See generally Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). An argument based on such a cause of action cannot be made here, where the factual and legal grounds for such a remedy were not pleaded in Plaintiff's complaint.

Accordingly:

**IT IS HEREBY ORDERED** that the Motion for Relief from Judgment (Dkt 14) is DENIED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of this Order would not be taken in good faith.


Date: August 23, 2010                                   /s/ Janet T. Neff_____
                                                        JANET T. NEFF
                                                        United States District Judge